IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SAMUEL ALLEN RAMSEY, III,

        Plaintiff,

v.                              CIVIL ACTION NO.   2:14-cv-03434

JIM RUBENSTEIN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The issue before the Court is whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the Court finds that he has and **DISMISSES** this action **WITHOUT PREJUDICE**. This disposition settles Defendants' pending Motion for Summary Judgment, which the Court **DENIES AS MOOT**. (ECF No. 47.)

*I.    BACKGROUND*

On January 17, 2014, Plaintiff Samuel Allen Ramsey, III, an inmate at Mount Olive Correctional Complex ("Mount Olive"), filed a pro se Complaint seeking relief under 42 U.S.C. § 1983. The events giving rise to Plaintiff's Complaint occurred on September 1, 2013. On that date, and while segregated in a single-man detention cell, Plaintiff began flooding the floor of his cell with toilet water in a purported attempt to attract attention for a fellow inmate in distress. (Compl. ¶ 18.) Plaintiff alleges that while he was no longer actively flooding his cell by the time Mount Olive correctional officers responded, a correctional officer retaliated against him by spraying him through his food slot with pepper spray and leaving him incapacitated in his cell for

fifteen to twenty-five minutes without medical attention. (Compl. ¶¶ 19–20.) Plaintiff brings intentional tort and Eighth Amendment excessive force claims against a total of ten individuals holding various employment positions within West Virginia's correctional system, including this offending correctional officer.[1] The Complaint is verified by Plaintiff and accompanied by affidavits of three other inmates confirming his version of events.

Plaintiff filed with his Complaint an Application to Proceed without Prepayment of Fees and Costs. (ECF No. 1.) The case was initially referred to Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF & R"). On October 1, 2014, Magistrate Judge Tinsley granted Plaintiff's application but ordered that he pay the full amount of the Court's $350 filing fee in monthly installments of 20 percent of the preceding month's income credited to his prisoner's account. (ECF No. 10.) Plaintiff initially complied with this order and made a total of five payments toward the filing fee before the payments suddenly stopped. This unexplained cessation of payments was the first indication that Plaintiff had lost interest in pursuing his case. He has not submitted a payment since July 7, 2015 and still owes $305.99 toward the Court's filing fee. (ECF No. 42.)

Following a period of discovery, Defendants filed a motion for summary judgment on September 15, 2015. (ECF No. 47.) Plaintiff did not respond despite being notified by the Court in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of his right to do so. (ECF No. 50.) On January 6, 2016, the case was transferred to Magistrate Judge Omar J. Aboulhosn, who entered a PF&R on April 28, 2016 recommending that the Court grant the motion

---

[1] The PF&R referenced below lists each defendant by name and provides his corresponding job title. (ECF No. 53 at 1–2.)

for summary judgment and dismiss Plaintiff's Complaint. The PF&R informed Plaintiff of his right to object to this recommendation, but Plaintiff did not submit objections.

On May 20, 2016, after noting Plaintiff's complete lack of activity in this action since submitting a partial payment toward his indebtedness in July 2015, the Court issued an order directing Plaintiff to show cause by June 20, 2016 as to why the action should not be dismissed for failure to prosecute. This was Plaintiff's third and final opportunity, after the *Roseboro* and PF&R notices, to renew his participation in this lawsuit. Again, Plaintiff has not responded. The Court thus proceeds to consider whether Plaintiff's Complaint should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In so providing, the rule recognizes the foundational principle "that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Further, it builds upon a federal court's well-established inherent authority, "of ancient origin," to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also United States ex rel. Curnin v. Bald Head Island Ltd.*, 381 F. App'x 286, 287 (4th Cir. 2010) ("A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'" (quoting *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991))).

Because a court's authority in this realm is premised, at least in part, on its inherent authority, its power to dismiss a case for failure to prosecute exists whether or not a defendant makes a motion requesting that such action be taken. *See United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) ("Although Rule 41(b) does not itself provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order." (citing *Link*, 370 U.S. at 631–33; *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976))). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. Unless otherwise noted in the dismissal order, a Rule 41(b) dismissal is with prejudice. Fed. R. Civ. P. 41(b).

When considering whether to dismiss an action for failure to prosecute under Rule 41(b), a court looks to the following factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). These four factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate. *See Ballard*, 882 F.2d at 95. Although dismissal with prejudice is "a harsh sanction which should not be invoked lightly," *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), the ultimate dismissal decision is left to the discretion of the trial court. *See, e.g.*, *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228 (4th Cir. 2013) (citing *Ballard*, 882 F.2d at 95–96).

4

In the present case, there is no question that Plaintiff has failed to prosecute his case despite the filing of Defendants' summary judgment motion, the Magistrate Judge's submission of an unfavorable PF&R, and this Court's entry of an order specifically warning that the case would be dismissed unless Plaintiff made adequate explanation for his non-participation.

Application of the Fourth Circuit's four-factor test supports this conclusion. With regard to the first factor, the Court has no evidence that anyone other than Plaintiff is responsible for his lack of participation. Plaintiff's earnest prosecution of his case at its inception proves that he is both competent and capable, when willing, to meaningfully participate. On February 1, 2014—just two weeks after filing his Complaint—Plaintiff sent a letter to the Clerk of the Court inquiring about the case's status and requesting a copy of the Court's docket sheet. (ECF No. 4.) He asked for a second update by letter filed on March 26, 2014, (ECF No. 7), and moved for the appointment of counsel on May 23, 2014 (ECF No. 9). In compliance with a Court order, he made five partial payments toward the filing fee between November 2014 and July 2015. He even participated in discovery, serving a request for production of documents on January 29, 2015 and submitting to a deposition on June 25, 2015. Since July 7, 2015, however, when the Court received Plaintiff's last payment toward the filing fee, he has done absolutely nothing to demonstrate an interest in prosecuting this action. With no indication that forces beyond Plaintiff's control are at the root of his neglect, the Court must conclude that Plaintiff is solely accountable for his behavior.

The second factor, prejudice caused to the defendants, weighs in favor of dismissal. Defendants have waited for over nine months for a resolution of a summary judgment motion to which Plaintiff has refused to respond. Defendants do not benefit from Plaintiff's inaction, however, because the facts set forth in Plaintiff's verified Complaint and supporting affidavits,

conflict with their version of events. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("[A] *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." (emphasis in original) (citing *Davis v. Zahradnick*, 600 F.2d 458, 459–60 (4th Cir. 1979)). Thus, if the Court were to find that Plaintiff's initial submissions created genuine issues of material fact on his claims, Defendants would be placed in a difficult position, forced to proceed in a case which Plaintiff has no apparent intention of trying. The Court finds that Defendants have suffered some prejudice, and will continue to do so if this case proceeds.

The third factor to consider is "the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion.'" *Davis*, 588 F.2d at 70 (quoting *McCargo*, 545 F.2d at 396). There is no evidence in the record that Plaintiff has been deliberately dilatory. Though the Court lacks sufficient facts to determine whether Plaintiff's inaction is deliberate, the record does reveal a complete failure to participate in this civil action for nearly one year. The Court must therefore find that this factor weighs against Plaintiff. *See Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:11-CV-00331, 2014 WL 4063828, at *4 (S.D. W. Va. Aug. 14, 2014) (finding that the third factor weighed in favor of dismissal where the plaintiffs' total failure to participate in the case after a stay was lifted demonstrated "*only* a history of dilatory action by Plaintiffs").

Finally, the Court has considered available sanctions, including those less drastic than dismissal, such as monetary sanctions, discovery penalties, or partial dismissal. But in light of the fact that Plaintiff has not participated in this case in one year's time and did not even bother to respond to the Court's show cause order, the Court concludes that no other sanction would be sufficient or even warranted. Thus, after consideration of the *Hillig* factors, the Court exercises

its inherent authority to dismiss this civil action for failure to prosecute. The remaining question is whether this case should be dismissed with or without prejudice. By default, Rule 41(b) calls for dismissal with prejudice "[u]nless the dismissal order states otherwise." With no evidence that Plaintiff has acted deliberately or in bad faith by failing to prosecute this case, and noting that the Court has injected the issue of Rule 41(b) dismissal *sua sponte*, the Court finds that dismissal without prejudice is more appropriate.

### III. CONCLUSION

After consideration of the relevant factors, the Court **DISMISSES** this civil action **WITHOUT PREJUDICE** under Rule 41(b) and **DIRECTS** the Clerk to remove the case from the Court's docket. In light of this disposition, the Court **DENIES AS MOOT** Defendants' Motion for Summary Judgment (ECF No. 47).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 19, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE